## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 19-10286-TBM |
| 11380 Smith Rd LLC ) | Chapter 7 |
| ) | |
| Debtor ) | |

### MID AMERICA PLASTIC SYSTEMS' OBJECTION TO 11380 EAST SMITH RD INVESTMENTS, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY

Mid America Plastic Systems ("Mid America"), by and through its attorneys Shapiro Bieging Barber Otteson, LLP, hereby objects to 11380 East Smith Rd Investments, LLC's Motion for Relief from Automatic Stay Pursuant to Section 362 (d)(1) and (4).

1. On January 16, 2019, pursuant to Chapter 7 of the Bankruptcy Code, an involuntary petition was filed for Debtor 11380 Smith Rd LLC by Mid America.

2. 11380 East Smith Rd Investments, LLC ("Lender") then filed its Motion for Relief from Automatic Stay Pursuant to Section 362(d)(1) and (4) ("Motion") requesting the Court allow it to proceed with a state foreclosure of Debtor's real estate (the "Property").

3. Mid America objects to Lender's Motion.

4. Debtor has entered into a contract for the purchase and sale of the Property (the "Sale Agreement"), which generates sufficient proceeds to fully pay Lender and certainly pays Lender more than the bid submitted at a foreclosure in January 2019. *See* Debtor's Response to Motion, [Doc. 20], ¶ 15. Moreover, the Sale Agreement excludes Debtor's right to insurance proceeds of several hundred thousand dollars, thereby enabling a distribution to other creditors. Exhibit A to Debtor's Response to Motion, p. 6, ¶ 7.1. The buyer is financially able to close on the purchase and has already engaged in substantial due diligence. The closing is short term.

5. Lender essentially seeks to advance its own interest and leave other creditors and Debtor with nothing. The bankruptcy courts, however, are courts of equity.

6. As stated in *U.S. v. Energy Resources, Co., Inc.*, 495 U.S. 545, 549 (1990),

> The Code . . . grants the bankruptcy courts residual authority to approve reorganization plans including "any ... appropriate provision not inconsistent with the applicable provisions of this title." 11 U.S.C. § 1123(b)(5); *see also* § 1129. The Code also states that bankruptcy courts may "'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Code. § 105(a). These statutory directives are

544351

consistent with the traditional understanding that bankruptcy courts, as courts of equity, have broad authority to modify creditor-debtor relationships.

7. When reviewing Lender's Motion, this Court should consider Debtor's entire situation, including all efforts to locate and find a buyer of its real property. *In re Poseidon Concepts, Corp.*, 515 B.R. 811, 813 (Bankr. D. Colo. 2014) ("Where a party in interest seeks relief from stay for cause, under 11 U.S.C. § 362(d)(1), courts determine whether cause exists 'based on the totality of the circumstances in each particular case.'").

8. As to Bankruptcy Code § 362(d)(1), the pending contract adequately protects Lender.

9. Moreover, there is no "scheme to delay, hinder, or defraud" Lender (Bankruptcy Code § 362(d)(4)), nor was there any bad faith in filing the Involuntary Petition. Mid America filed the Involuntary Petition for purpose of getting the Property under contract and ultimately sold, thereby preserving the ability for creditors other than Lender to receive a distribution.

10. Contrary to Lender's argument, the filing of bankruptcy on the eve of a foreclosure is not "bad faith" in these circumstances. *In re Olayer*, 577 B.R. 464, 469 (Bankr. W.D. Penn 2017) ("Strategically timing a bankruptcy to stay or cancel foreclosure proceedings can be a legitimate tactic within a debtor's arsenal, but it evokes bad faith where a Debtor commences a bankruptcy case 'without the ability or the intention to reorganize.'"). Here, Debtor has actively pursued sale of the Property and obtained a buyer who signed a purchase and sale agreement, an agreement which includes a provision allowing for higher and better offers. *See* Agreement attached to Debtor's Response, ¶ 11.18 ("This Agreement is subject to higher and better offers until such time as the Bankruptcy Court enters an order approving the Agreement (Effective Date) and thereafter shall become a binding agreement.").

11. As a result of the Involuntary Petition, Debtor was able to maximize the sale of the real property through a competitive process rather than through a foreclosure. *See In re Gledhill*, 76 F.3d 1070, 1081 (10th Cir. 1996) ("Based on the sharply increased property value and the total claims against the estate, the bankruptcy court determined the estate could distribute more money to the creditors if the Trustee liquidated the property in a commercially reasonable manner than if State Bank sold it at a foreclosure sale"); *see also Olayer*, 577 B.R. 464, 470 ("Because *in rem* relief is extraordinary and imposes consequences beyond the contours of the present bankruptcy case, it is not to be taken lightly.").

12. Mid America is not a party to Stipulated Agreement and is certainly not bound by it nor barred from preserving its ability to be paid.

13. Mid America reserves the right to supplement this Objection.

WHEREFORE, Mid America requests that the Court deny the Motion and for such other and further relief as is consistent with the foregoing.

DATED: February 7, 2019.

        SHAPIRO BIEGING BARBER OTTESON LLP

        /s/ *Duncan E. Barber*
        Duncan E. Barber, #16768
        7979 E. Tufts Avenue, Suite 1600
        Denver, Colorado 80237
        Telephone (720) 488-0220
        Facsimile (720) 488-7711
        dbarber@sbbolawyers.com
        Attorneys for Debtor

CERTIFICATE OF SERVICE

  The undersigned certifies that a that on February 7, 2019 a copy of **MID AMERICA PLASTIC SYSTEMS' OBJECTION TO 1130 EAST SMITH RD INVESTMSNTS, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY** was served via ECF on all parties against whom relief is sought and those otherwise entitled to service:

Aaron A. Garber
Buechler & Garber, LLC
999 17th Street, Suite 1230-S
Denver, CO 80202
aaron@bandglawoffice.com

Timothy M. Swanson
Moye White LLP
1400 16th Street
6th Floor Bypassed
Denver, CO 80202
tim.swanson@moyewhite.com

R. Samuel Boughner
US Trustee
Byron G. Rogers Federal Building
1961 Stout Street, Ste 12-200
Denver, CO 80294
Samuel.Boughner@usdoj.gov

                /s/ Mary Anne Lenzi

#544351