UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| 11380 Smith Road, LLC | ) | Case No. 19-10286 (TBM) |
| EIN: 46-4766309 | ) | |
| | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |

## MOTION TO DISMISS CASE OR ALTERNATE RELIEF

The Debtor, 11380 Smith Road, LLC (the "Debtor"), by and through its counsel, Wadsworth Garber Warner Conrardy, PC, for its Motion to Dismiss Case or Alternate Relief respectfully states:

1. The Debtor initiated before this Court a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code on February 13, 2018 at case number 18-10965 (the "Voluntary Case").

2. The Debtor's primary asset is its real property located at 11380 Smith Road, Aurora, Colorado, 80010 (the "Property"). In association with the Property, the Debtor also has a litigation claim with its insurance company pertain to hail damage to its roof. The repair to the roof is at least, and likely more than a million dollar issue (the "Insurance Claim").

3. The Debtor's primary secured creditor is the movant, 11380 Smith Road Investment LLC ("Lender").

4. The Plan in the Voluntary Case has been confirmed.

5. On January 16, 2019, Mid American Plastic Systems filed the captioned Involuntary Petition against the Debtor (the "Involuntary Case").

6. On February 15, 2019, the Order for Relief in the Involuntary Case entered.

7. On January 25, 2019, the primary secured creditor, 11380 East Smith Road Investments, LLC ("Lender") filed it Motion to Dismiss Involuntary Case. Objections to the Motion to Dismiss were due February 22, 2019.

8. No party filed an objection to the Motion to Dismiss. Importantly, the Chapter 7 trustee did not file an objection to the Motion to Dismiss.

9. The Debtor sought and obtained an extension of time through March 8, 2019 to objection to the Motion to Dismiss to determine the results of the foreclosure sale on the Debtor's

real property.

10. Based upon the results of the foreclosure sale, the Debtor does not believe there will be any assets to distribute to creditors beyond the Lender. The foreclosure sale did not satisfy the claim of the Lender. The Lender has a deficiency of about $1,000,000 plus interest, any accruing fees and costs. The Lender assets a lien on the Insurance Claim. To the extent the Insurance Claim provides a return greater that the claim of the Lender, the Debtor can make any distribution to creditors.

11. If the Court is not inclined to dismiss this case, the Debtor seeks conversion of the case Pursuant to 11 U.S.C. § 706(a) to a Case Under Chapter 11. Bankruptcy Code § 706(a) provides:

> **(a)** The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

12. This case has not been previously converted Bankruptcy Code §§ 1112, 1208, or 1307.

13. Accordingly, if the case is not dismissed, the Debtor exercises its right under Bankruptcy Code § 706(a) to convert this case to a case under Chapter 11 of the Bankruptcy Code.

14. The case may then be consolidated with the Voluntary Case since the sole asset to liquidate is the Insurance Claim.

WHEREFORE the Debtor respectfully requests that the Court enter an Order, a proposed for is filed herewith, dismissing this case and granting such other and further relief as the Court.

DATED March 11, 2019                     Respectfully submitted,

*/s/ Aaron A. Garber*
_____
Aaron A. Garber, #36099
WADSWORTH, GARBER, WARNER
AND CONRARDY, P.C.
2580 W Main St,, Suite 200
Littleton, CO 80120
Telephone: 303-296-1999
Fax: 303-296-7600
Email: agarber@wgwc-law.com